IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PNC BANK NATIONAL ASSOCIATION, ) <br> SUCCESSOR TO RBC BANK (USA), ) <br> SUCCESSOR TO RBC CENTURA BANK, ) <br> SUCCESSOR TO REGIONS BANK, ) <br> d/b/a AMSOUTH BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MWM, INC, d/b/a MATTRESS WORLD ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 14-00154-KD-M |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings. (Doc. 15).  Pursuant to Fed. R. Civ. P. 12(c), the Plaintiff seeks an entry of judgment against the Defendant. Rule 12(c) states: "After the pleadings are closed . . . a party may move for judgment on the pleadings." A Rule 12(c) motion is improper at this stage of the litigation as the Defendant has not filed an answer and the pleadings have not closed. *Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 865 (11th Cir. 2011)("The district court erred by granting the motion under Rule 12(c) because a Rule 12(c) motion for judgment on the pleadings may be filed only 'after the pleadings are closed,' Fed.R.Civ.P. 12(c), and the defendants never filed an answer in this case.").[1]

The Court acknowledges that the Defendant has signed a "Confirmation of Service and Consent to Judgment" (Doc. 12) but has not found any cases in the Eleventh Circuit indicating that the filing of such is sufficient to close the pleadings. Further, even if the "Confirmation of Service and Consent to Judgment" were construed as an answer, this would be improper as the

---

[1] The Court notes that this is an unpublished opinion and is considered persuasive rather than binding.

Defendant corporation is proceeding *pro se*, which is not permitted. *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel…[t]he general rule applies even where the person seeking to represent the corporation is its president and major stockholder.")[2]

Accordingly, at this time, a Rule 12(c) motion is not a method by which the Plaintiff may obtain relief and the Plaintiff's motion is **DENIED**.

**DONE** and **ORDERED** this 22nd day of January, 2015.

> s / Kristi K DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[2] Ander Lee, Sr., who signed the "Confirmation of Service and Consent to Judgment" (Doc. 12) is President of MWM, Inc.